TOM DANIELS v. THE STATE.

No. 7576. Decided March 14, 1923.

**Selling Intoxicating Liquor—Continuance—Want of Diligence.**

Where, upon trial of selling intoxicating liquor, the application for continuance showed a total want of diligence, the same was correctly overruled, and the evidence sustaining the conviction, and there being no error in overruling the motion for a new trial, the judgment must be affirmed.

Appeal from the District Court of Brazoria. Tried below before the Hon. M. S. Munson.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*A, E. & Carlos B. Masterson* for appellant.

*R. G. Storey*, Assistant Attorney General for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Brazoria County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The record contains two bills of exception. One presents the refusal of a continuance. There was absolutely no diligence shown in regard to the two absent witnesses. One of them was alleged to reside in Harris County and the other in Brazoria County. The indictment was presented in February, 1922. The date of the arrest of appellant is not shown. His first subpoena for said witnesses was issued on the 9th of September, 1922. The supbeona for the Harris County witness was returned September 18th, not executed, and the subpeona for the Brazoria county witness was returned on the 23rd of September, not executed. The record shows that this case was called for trial on September 30th and postponed until October 3rd. No alias process was procured or issued for said absent witnesses after the return of the process above mentioned, nor after the postponement of the trial as above stated. This is too clearly a lack of diligence to need further discussion.

The other bill of exception is to the refusal of appellant's motion for a new trial and presents no error.

The State's testimony positively affirmed a sale of liquor to the party named in the indictment at or about the time therein set forth. The question of the credibility of the witness and of the sufficiency of his testimony was for the jury and they have decided the issue against appellant.

No error appearing, and affirmance is ordered.

*Affirmed.*